The Honorable Doug GatewoodState Representative, 1st
District State Capitol, Room 135-N Topeka, Kansas 66612
Dear Representative Gatewood:
As State Representative to the 1st District you ask whether subsection (c) of K.S.A. 2006 Supp. 72-6624[1] limits the application of that statute to passage of the Kansas Expanded Lottery Act in 2006, or whether passage of such an act in a later year triggers application of the statute's provisions.
K.S.A. 2006 Supp. 72-6624(b) provides that "for purposes of computing the assessed valuation of school districts for the payment, distribution or allocation of state aid and the levying of school taxes," one fourth of the assessed valuation of any racing or lottery gaming facility is to be assigned to each of the four school districts located within Cherokee County. However, this provision does "not apply if the property is not or ceases to be used as a racetrack gaming facility or a lottery gaming facility under the Kansas expanded lottery act."[2]
Although various bills titled "the Kansas expanded lottery act" were introduced in the 2006 legislative session, none of them were enacted into law; thus, you question whether passage of an act with that title in a later year would trigger the statute's application.
Based on the judicially sanctioned concept that "what the legislature may do absolutely it may do conditionally,"[3] in our opinion a subsequent enactment of a Kansas expanded lottery act could serve as the initial trigger for applicability of K.S.A. 2006 Supp. 72-6624. Of course, applicability of the provisions of K.S.A. 2006 Supp. 72-6624
would also be contingent upon there actually being a racetrack gaming facility or lottery facility located in Cherokee County.
Sincerely,
Paul J. Morrison Attorney General Camille Nohe
Assistant Attorney General
[1] An identical statute was enacted in the 2006 legislative session.See K.S.A. 2006 Supp. 72-6624a.
[2] K.S.A. 2006 Supp. 72-6624(c).
[3] State v. Green, 281 Kan. 438, 442 (1975).